IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| HERBIER ABRAHAM GARCIA, JOSE H. CRUZ, EDEN GAMALIEL NUNEZ, YENNY CAROLINA JIMENEZ MONTES, DENIS ANTONIO FLORES BACA, SALOMON VALMORE RODRIGUEZ FLORES, and JEOVANNY ALEXANDER VILLALTA MUNOZ<br>   *Plaintiffs*<br><br>V.<br><br>ALONZA SMITH and MVT SERVICES, LLC, INDIVIDUALLY AND D/B/A MESILLA VALLEY TRANSPORTATION<br>   *Defendants* | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:22-cv-346 |

**DEFENDANT MVT SERVICES, LLC, INDIVIDUALLY AND D/B/A MESILLA VALLEY TRANSPORTATION'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW**, MVT Services, LLC Individually and d/b/a Mesilla Valley Transportation ("Defendant), a Defendant in the above-entitled and numbered cause, and pursuant to 28 U.S.C. § 1441(a) and Local Rule 81, Defendant hereby removes to this Court the state court action described in Paragraph 1 below.  Pursuant to 28 U.S.C. § 1446(a), Defendant sets forth the following "short and plain statement of the grounds for removal."

**A.
THE REMOVED CASE**

1. The removed case is a civil action filed with the 136th Judicial District Court of Jefferson County, Texas on July 7, 2022, styled *Herbier Abraham Garcia, Jose H. Cruz, Eden*

*Gamaliel Nunez, Yenny Carolina Jimenez Montes, Denis Antonio Flores Baca, Salomon Valmore Rodriguez Flores, Jeovanny Alexander Villalta Munoz v. Alonza Smith, MVT Services, LLC, Individually and D/B/A Mesilla Valley Transportation,* under Cause No. D-0210024. Plaintiffs allege that they were injured when the vehicle they were traveling in was struck by Defendant Alonza Smith, in the course and scope of his employment with MVT, when Mr. Smith allegedly failed to maintain a single lane of traffic while traveling on Interstate 10 in Beaumont, Texas.  Plaintiffs allege causes of action for negligence and gross negligence against Mr. Smith and MVT, and negligent entrustment against MVT.

## B.
## REMOVAL IS TIMELY

2.  Plaintiff filed the present civil suit against Defendants Mr. Smith and MVT in the 136th Judicial District Court of Jefferson County, Texas on July 7, 2022 (the "State Court Action"). MVT received Plaintiff's Original Petition on July 28, 2022.  Mr. Smith has not been served.

3.  The thirtieth day after Defendant MVT's receipt of Plaintiff's Original Petition falls on August 29, 2022. Accordingly, this Notice of Removal is filed timely pursuant to 28 U.S.C. § 1446(b).

## C.
## VENUE IS PROPER

4.  The United States District Court for the Eastern District of Texas is the proper venue for removal of the State Court Action pursuant to 28 U.S.C. § 1441(a) because the 136th Judicial District Court of Jefferson County, Texas is located within the jurisdiction of the United States District Court for the Eastern District of Texas.

## D.
## DIVERSITY OF CITIZENSHIP EXISTS

5.     This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.  District courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states."  28 U.S.C. § 1332(a)(1).  In order to determine the citizenship of a natural person, the courts look at the domicile of the party, which includes the state of residence of the party and the party's intent to remain in the state permanently.  *See Acridge v. Evangelical Lutheran Good Samaritan Soc'y,* 334 F.3d 444, 447-448 (5th Cir. 2003).  Additionally, the courts have stated, "in determining a litigant's domicile, the court must address a variety of factors.  No single factor is determinative.  The court should look to all evidence shedding light on the litigant's intention to establish domicile.  The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury v. Prot.,* 85 F.3d 244, 251 (5th Cir. 1996); *see also Acridge v. Evangelical Lutheran Good Samaritan Soc'y,* 334 F.3d 444 at 448.  Also, a party's statement of intent is relevant to the court's determination of domicile, but garners little weight if it conflicts with objective facts.  *Coury v. Prot.,* 85 F.3d 244 at 251.

6.     According to their Original Petition, Plaintiffs are individuals and residents of Harris County, Texas. Defendant Mr. Smith, who has not been served, is an individual and a resident of Putnam County, Florida. Defendant MVT is a New Mexico corporation with its principal

place of business in Las Cruces, New Mexico. Therefore, MVT is a citizen of the State of New Mexico. *See* 28 U.S.C. § 1332 (c)(1); *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 950 (5th Cir. 2001).

7. Because the Plaintiffs are citizens of the State of Texas and Defendants are citizens of Florida and New Mexico, complete diversity of citizenship exists between all parties as required by 28 U.S.C. § 1332 for purposes of diversity jurisdiction. Thus, this Court has jurisdiction over the parties based on diversity of citizenship.

## E.
## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

8. Plaintiffs' Original Petition improperly does not state the amount in controversy. However, Plaintiffs seek to recover the following damages: (1) past and future medical expenses; (2) past and future physical pain and suffering; (3) past and future mental anguish; (4) past and future physical impairment and disfigurement; (5) past and future lost wages and earning capacity; and (6) punitive/exemplary damages. Based on the aforementioned facts, the District Court Action may be removed to this Court by Defendants in accordance with the provisions of 28 U.S.C. § 1332 because: (i) this is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy appears to exceed $75,000, exclusive of interest and costs as pled by the Plaintiffs in the Original Petition.

## F.
## FILING OF REMOVAL PAPERS

9. Pursuant to 28 U.S.C. § 1446(d), Defendant MVT Services, LLC Individually and d/b/a Mesilla Valley Transportation is providing written notice of the filing of this Notice of Removal to all counsel of record and are filing a copy of this Notice with the Clerk of the

136th Judicial District Court of Jefferson County, Texas, in which this action was originally commenced.

10.     Copies of all pleadings, process, orders, the docket sheet, and a list of all counsel of record in the District Court Action are attached to this notice as required by 28 U.S.C. §1446(a) and Local Rule 81.  An index of matters being filed is also attached hereto as Exhibit A.

11.     Information pursuant to Local Rule CV-81(C) is attached hereto as Exhibit B.

12.     Plaintiff requested a trial by jury.

## G.
## CONCLUSION

Defendant MVT Services, LLC Individually and d/b/a Mesilla Valley Transportation hereby removes the above-captioned lawsuit from the 136th Judicial District Court of Jefferson County, Texas and requests that all further proceedings be conducted in the United States District Court for the Eastern District of Texas, as provided by law.

           Respectfully submitted,

           */s/ Virginia O. Pederson*
           Zach T. Mayer
           State Bar No. 24013118
           zmayer@mayerllp.com
           Virginia O. Pederson
           State Bar No. 24060401
           vpederson@mayerllp.com

**OF COUNSEL:**
MAYER LLP
2900 North Loop West, Suite 500
Houston, Texas 77092
713.487.2000 / Fax 713.487.2019
**ATTORNEYS FOR DEFENDANT**
**MVT SERVICES,  LLC, INDIVIDUALLY**
**AND D/B/A MESILLA VALLEY TRANSPORTATION**

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing document was served to all counsel of record pursuant to the Texas Rules of Civil Procedure on the 24th day of August 2022:

**Via E-Service**
Law Offices of Domingo Garcia LLP
David M. Valetutto
12929 Gulf Freeway
Houston, Texas 77034
dvaletutto@millerweisbrod.com
**Attorneys for Plaintiffs**

/s/ *Virginia O. Pederson*
**Virginia O. Pederson**