FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
7/7/2022 2:30 PM
JAMIE SMITH
DISTRICT CLERK
D-210024

CAUSE NO. _____

| | | |
|---|---|---|
| HERIBER ABRAHAM GARCIA, JOSE H. CRUZ, EDEN GAMALIEL NUNEZ, YENNY CAROLINA JIMENEZ MONTES, DENIS ANTONIO FLORES BACA, SALOMON VALMORE RODRIGUEZ FLORES, JEOVANNY ALEXANDER VILLALTA MUNOZ | § § § § § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | JEFFERSON COUNTY, TEXAS |
| ALONZA SMITH, MVT SERVICES, LLC, INDIVIDUALLY D/B/A MESILLA VALLEY TRANSPORTATION | § § § | \_\_\_\_\_ JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME HERIBER ABRAHAM GARCIA, JOSE H. CRUZ, EDEN GAMALIEL NUNEZ, YENNY CAROLINA JIMENEZ MONTES, DENIS ANTONIO FLORES BACA, SALOMON VALMORE RODRIGUEZ FLORES, and JEOVANNY ALEXANDER VILLALTA MUNOZ, hereinafter referred to by name or as Plaintiffs, and complain of ALONZA SMITH and MVT SERVICES, LLC, INDIVIDUALLY D/B/A MESILLA VALLEY TRANSPORTATION, hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

**I.
DISCOVERY LEVEL**

1. Plaintiffs intend to conduct discovery in this matter under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

**II.
PARTIES/SERVICE**

2. Plaintiffs HERIBER ABRAHAM GARCIA, JOSE H. CRUZ, EDEN GAMALIEL NUNEZ, YENNY CAROLINA JIMENEZ MONTES, DENIS ANTONIO FLORES BACA,

SALOMON VALMORE RODRIGUEZ FLORES, and JEOVANNY ALEXANDER VILLALTA MUNOZ are individuals residing in Harris County, Texas.

3. Defendant ALONZA SMITH (herein also referred to as Defendant or "SMITH"), an individual, may be served with process at his principal place of residence located at 1014 Clemons Ln., Crescent City, Florida 32112, or wherever she may be found. Citation is requested at this time.

4. Defendant, MVT SERVICES, LLC, INDIVIDUALLY D/B/A MESILLA VALLEY TRANSPORTATION (herein also referred to as "MVT") is a business entity authorized to and conducting business in the State of Texas. Defendant may be served through its registered agent for service of process: Steven J. Blanco, 5715 Cromo Dr., El Paso, Texas 79912, or wherever he may be found. Citation is requested at this time.

### III.
### JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limit of the Court. Venue is proper in Jefferson County pursuant to C.P.R.C. § 15.002(a)(1)-(2) because all or a substantial part of the events giving rise to Plaintiff's claims occurred in Jefferson County, Texas.

### IV.
### RULE 47 NOTICE

6. Pursuant to Texas Rules of Civil Procedure 47(c), Plaintiffs seek monetary relief over $1,000,000.00. Discovery in this matter has just commenced and, therefore, Plaintiffs cannot reliably state a maximum amount of damages they are seeking at this time and reserve the right to amend or supplement in accordance with the Texas Rules of Civil Procedure.

## V.
## FACTS

7. The collision forming the basis of this lawsuit occurred the morning of January 4, 2022, at approximately the 5100 block of Interstate 10 in Beaumont, Jefferson County, Texas. At that time, Defendant SMITH, while operating a tractor trailer owned, operated and/or controlled by Defendant MVT, was travelling eastbound on Interstate 10, failed to maintain his vehicle in a single lane of traffic, struck the vehicle in which Plaintiffs were traveling, causing Plaintiffs' vehicle to flip over, crash and land on its side on the shoulder of the freeway.

8. At all times material hereto, Defendant SMITH was acting within the course and scope of his employment by Defendant MVT.

9. Defendants' negligence and gross negligence proximately caused the crash and Plaintiffs' severe injuries and damages.

## VI.
## PLAINTIFFS' CLAIMS OF NEGLIGENCE AGAINST DEFENDANT SMITH

10. The occurrence made the basis of this suit and the resulting injuries and damages of Plaintiffs were proximately caused by the negligence of Defendant SMITH. Defendant SMITH operated the tractor trailer in a negligent manner by violating the duty owed to Plaintiffs to exercise ordinary care in the operation of said motor vehicle in one or more of the following respects:

    a. driver inattention and distraction;

    b. In negligently failing to control the speed of his vehicle;

    c. In negligently driving his vehicle at a greater rate of speed than was reasonably prudent;

    d. In negligently failing to take proper evasive action;

    e. In negligently failing to apply the brakes;

    f. In negligently failing to timely apply the brakes;

Copy from re:SearchTX

    g.    In negligently failing to apply sufficient force to the brakes to avoid the collision;

    h.    In negligently failing to avoid the collision;

    i.    In negligently failing to maintain a proper lookout;

    j.    In negligently failing to turn his vehicle to the left or to the right in order to avoid the collision in question;

    k.    In negligently failing to maintain his vehicle in a single lane of traffic;

    l.    In negligently changing lanes when unsafe;

    m.    In negligently failing to drive in a reasonably attentive manner;

    n.    In violating the terms and provisions of the Texas Transportation Code, TEXAS COMMERCIAL DRIVER'S HANDBOOK, and the TEXAS DRIVER'S HANDBOOK; and

    o.    In failing to act as a reasonably prudent driver would have done under the same or similar circumstances.

11.    Each of the above referenced acts or omissions by Defendant SMITH directly and proximately caused Plaintiffs' injuries and damages. Nothing Plaintiff' did or failed to do contributed to or proximately caused the incident in question or their resulting injuries and damages.

## VII.
## PLAINTIFFS' CLAIMS OF NEGLIGENCE AGAINST DEFENDANT MVT

12.    At the time of the incident, Defendant SMITH was operating the tractor trailer in the course of his employment with Defendant MVT. Defendant MVT is legally responsible to Plaintiffs for the negligent conduct of Defendant SMITH under the legal doctrines of respondent superior, agency, and/or ostensible agency because Defendant SMITH was at all times material hereto an agent, ostensible agent, servant, and/or employee of Defendant MVT and was acting within the course and scope of such agency or employment. As a result thereof, Defendant MVT is vicariously liable for all negligence of Defendant SMITH as set forth in sections V. and VI. above.

Copy from re:SearchTX

13. Defendant MVT was also negligent in its hiring, training, supervision, monitoring, and retention of Defendant SMITH, and such negligence proximately cause the collision and Plaintiffs' injuries and damages. Plaintiffs plead the foregoing facts and theories cumulatively and alternatively, with no election or waived of rights or remedies.

14. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and was a proximate cause of the collision, injuries and damages which Plaintiffs have suffered and will continue to suffer in the future, if not for the remainder of their natural lives.

## VIII.
## PLAINTIFFS' CLAIMS OF NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT MVT

15. Upon information and belief, on the date in question, Defendant MVT owned and/or controlled the vehicle operated by Defendant SMITH. Defendant MVT entrusted its vehicle to SMITH, who was an unfit, incompetent and/or reckless driver that would create an unreasonable risk of danger to persons and property. Defendant MVT knew or should have known that SMITH was an incompetent and/or reckless driver. SMITH did, in fact, operate Defendant MVT'S vehicle in a negligent manner as more fully described herein. Defendant MVT'S negligent entrustment of its vehicle to SMITH was a direct and proximate cause of Plaintiffs' injuries and damages.

## IX.
## GROSS NEGLIGENCE

16. Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs. Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiffs or others similarly situated.

Copy from re:SearchTX

17. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and gross negligence and was a proximate cause of the collision, and Plaintiffs' injuries and damages.

## X.
## DAMAGES

18. As a direct and proximate result of Defendants' negligent and grossly negligent conduct, Plaintiffs suffered serious injuries and damages. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

19. Because of the nature and severity of the injuries Plaintiffs sustained, they have each and all suffered physical pain, mental anguish, physical impairment, and disfigurement, and, in reasonable probability, they will all continue to suffer physical pain, mental anguish, physical impairment, and disfigurement into the future.

20. The injuries sustained by all Plaintiffs have required medical treatment in the past and, in reasonable probability, will require other and additional medical treatment in the future for all Plaintiffs. Charges incurred by all Plaintiffs for such medical treatment in the past and those which will in reasonable probability be incurred in the future have been and will be reasonable charges made necessary by the incident in question.

21. As a direct and proximate result of the crash and their injuries, all Plaintiffs have suffered diminished earning capacity in the past and will all continue to suffer a loss of earnings into the future. To compensate for this loss, Plaintiffs each seek recovery of loss of past and future lost wages and earning capacity.

22. Plaintiffs seek punitive/exemplary damages as a result of Defendants' gross negligence.

Copy from re:SearchTX

## XI.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

23. Plaintiffs further request both pre-judgment and post-judgment interest on all their damages as allowed by law.

## XII.
## RESERVE THE RIGHT TO AMEND AND SUPPLEMENT

24. These allegations against Defendant are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

## XIII.
## REQUEST FOR DISCLOSURE

25. Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiffs request that Defendants named herein disclose, within 30 days of the filing of the first answer in this case, the information or material described in Rule 194.2 (b)(1) through (b)(12).

## XIV.
## DESIGNATED E-SERVICE EMAIL ADDRESS

26. The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(a) and 21(f)(2) (dvaletutto@millerweisbrod.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

Copy from re:SearchTX

## XV.
## JURY DEMAND

27. In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs hereby make application for a jury trial and requests that this cause be set on the Court's Jury Docket. Plaintiffs acknowledge payment this date of the required jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiffs have and recover from Defendants, jointly and severally, actual and exemplary damages as specified herein, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiffs may be justly entitled under the facts and circumstances.

Respectfully submitted,

**LAW OFFICES OF DOMINGO GARCIA, L.L.P.**

12929 Gulf Freeway
Houston, Texas 77034
Telephone: (713) 349-1500
Facsimile: (713) 847-7998

*/s/ David M. Valetutto*

**DAVID M. VALETUTTO**
State Bar No.: 00786453
dvaletutto@millerweisbrod.com

**ATTORNEY FOR PLAINTIFFS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

David Valetutto
Bar No. 786453
dvaletutto@millerweisbrod.com
Envelope ID: 66108524
Status as of 7/8/2022 10:48 AM CST

Associated Case Party: HERIBERABRAHAMGARCIA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David MValetutto | | dvaletutto@millerweisbrod.com | 7/7/2022 2:30:24 PM | SENT |
| Milton Hernandez | | mhernandez@millerweisbrod.com | 7/7/2022 2:30:24 PM | SENT |

Copy from re:SearchTX